# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **PAIGE OLIVIER** | **CASE NO. 6:19-CV-01178** |
| **VERSUS** | **JUDGE JUNEAU** |
| **INTERNATIONAL SNUBBING SERVICES L L C ET AL** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM ORDER

Before the Court are two Motions to Compel and for Attorneys' Fees filed on behalf of International Snubbing Services LLC and Steve Courville. (Rec. Doc. 18 and 21 respectively). Plaintiff, Paige Olivier, opposes the Motions. (Rec. Doc. 25 and 26).

Plaintiff filed this lawsuit against her former employer, International Snubbing Services ("ISS"), and Steve Courville for alleged sexual harassment and FMLA retaliation. (Rec. Doc. 1). Defendants propounded written discovery upon Plaintiff and sought dates for her deposition. (Rec. Doc. 18-2; 21-2). Defendants contend Plaintiff failed to respond to the discovery within the thirty days permitted by F.R.C.P. Rule 33 and 34 or to provide deposition dates as requested. (Rec. Doc. 18-1; 21-1).

Plaintiff opposed ISS's Motion on the grounds that additional time is needed to respond to the discovery, because Plaintiff and her son were both ill with COVID-19. Plaintiff further indicated in her Opposition that ISS's counsel "refused to discuss" a request for an extension of time to answer discovery. (Rec. Doc. 25, p. 2).

Email correspondence attached to Defendant Courville's Motion indicates that Courville's counsel and a representative from Plaintiff's counsel office were communicating regarding the discovery responses. On August 24, 2020 at 3:52 p.m., Plaintiff's counsel advised as follows:

> I am writing to let you know that we should be finished answering Paige Olivier's discovery around five or six tonight. However, I just spoke with Ms. Olivier and was informed that she still has a few answers to forward to us, but she will not be able to do so until tomorrow seeing that her son was recently admitted to the ER. I will forward her supplemental answers to you tomorrow as soon as I received them. Please let me know if you have any questions or concerns.

(Rec. Doc. 21-4, p. 1).

Nonetheless, the record reflects that Courville's counsel filed his Motion to Compel later that same date, August 24, 2020 at 6:50 p.m., thirty-eight (38) days after the discovery was served. (Rec. Doc. 21-2). ISS filed its Motion to Compel forty-two (42) days after its discovery was served. (Rec. Doc. 18-2).

Plaintiff does not deny that discovery responses were not submitted within the thirty-day period mandated by F.R.C.P. Rule 33 and 34. Plaintiff submits that discovery responses have since been provided to both Defendants. (Rec. Doc. 25, p. 2; Rec. Doc. 26, p. 1).

The Court is troubled by Defendants' Motions to Compel. ISS's Motion was filed only twelve (12) days after responses were due. ISS did not present any evidence of a meaningful attempt to communicate with Plaintiff's counsel regarding

an extension. Rather, ISS presented one email from its counsel to Plaintiff's counsel on August 19, 2020 in which she advised that she would call him on Friday to discuss discovery issues, without any time noted or giving an option to reschedule. (Rec. Doc. 18-3).

Courville's Motion was filed a mere eight (8) days after responses due, and then in spite of correspondence from Plaintiff's counsel indicating that Plaintiff was caring for her son in the emergency room, while attempting to respond to discovery. The Court admonishes the attorneys for the defendants to consider professional courtesies and judicial resources before filing Rule 37 motions to compel that needlessly require briefing when a brief extension under the circumstances was clearly in order as a matter of professionalism. (Counsel are referred to the Code of Professionalism for guidance.) Based upon Plaintiff's counsel's representation in the Oppositions that responses have since been submitted to Defendants,

IT IS ORDERED that Defendants' Motions to Compel and for Attorneys' Fees (Rec. Doc. 18 and 21) are DENIED WITHOUT PREJUDICE. Defendants may re-file an appropriate motion, subject to the Court's caution discussed above.

THUS DONE in Chambers, Lafayette, Louisiana on this 15th day of September, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE